## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Webb Candy, Inc. and<br>Licensed Sports Marketing, LLC, | Court File No. 09-cv-2056 PJS/JJK |
| Plaintiffs, | **DEFENDANT WAL-MART STORES,** |
| | **INC.'S MEMORANDUM IN SUPPORT** |
| vs. | **OF MOTION TO DISMISS OR,** |
| | **IN THE ALTERNATIVE, TO** |
| Wal-Mart Stores, Inc., | **TRANSFER VENUE** |
| Defendant. | |

### INTRODUCTION

Defendant Wal-Mart Stores, Inc. ("Walmart") seeks dismissal of the Complaint of Plaintiffs Webb Candy, Inc. and Licensed Sports Marketing, LLC pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. This motion to dismiss is based on a mandatory forum selection clause in a written supplier agreement between Walmart and Plaintiff Licensed Sports Marketing, LLC. Pursuant to the valid and enforceable forum selection clause, Arkansas is the exclusive jurisdiction for this action. In the alternative, Walmart requests that this Court transfer this action to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1404(a) and the forum selection clause in the written supplier agreement.

Dockets.Justia.com

# BACKGROUND[1]

## I.     THE PARTIES.

Plaintiff alleges that Walmart is an Arkansas corporation with its principal place of business in Arkansas.  (Complaint (Docket No. 1-1) ¶ 3.)[2]  Plaintiff Webb Candy, Inc. is a Minnesota corporation with its principal place of business in Minnesota.  (Id. ¶ 1.) According to the Complaint, Plaintiff Webb Candy is a distributor of college and high school products, including lip balms and hand sanitizers that carry the name and team colors of local schools.  (Id. ¶ 6.)  Plaintiff Licensed Sports Marketing, LLC ("LSM") is a Minnesota company with its principal place of business in Minnesota.  (Id. ¶ 2.)

## II.     PLAINTIFFS' CLAIMS RELATE TO A SUPPLIER AGREEMENT BETWEEN WALMART AND LICENSED SPORTS MARKETING.

The Plaintiffs' Complaint admits that only authorized suppliers may sell products to Walmart.  As Plaintiffs acknowledge in the Complaint, Walmart purchases products only from those vendors who are authorized by Walmart and to whom Walmart has given a vendor identification number.  (Complaint ¶¶ 8, 9, 12.)  Plaintiff Webb Candy admits in the complaint that it is not an authorized Walmart vendor and concedes that it is not

---

[1] Solely for purposes of this motion, Walmart treats the facts alleged in the Complaint as true.  See Transocean Group Holdings Pty. Ltd. v. South Dakota Soybean Processsors, LLC, 505 F.Supp.2d 573, 575 (D. Minn. 2007) ("When reviewing a motion under Rule 12(b)(3), the Court . . . must construe all facts in the light most favorable to the non-moving party, and take the facts alleged in the complaint as true."); Schaller Telephone Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 740 (8th Cir. 2002) ("When analyzing the adequacy of a complaint's allegations under [Rule 12(b)(6)] we must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff.")

[2] Defendant Wal-Mart Stores, Inc. is in fact organized under the laws of the State of Delaware, but this fact is not important to the present motion.

eligible to sell products directly to Walmart.  (Id.)  Although Webb Candy sought to become an authorized vendor, it admits that Walmart did not grant its request.  (Id. ¶ 12.)

To circumvent Walmart's policies, Webb Candy concedes in the Complaint that it devised a scheme with authorized Walmart vendors Little i, Inc. and later Plaintiff LSM, to effectuate sales to Walmart.  Under its scheme, Webb Candy alleges that it solicited individual Walmart stores directly (instead of working through the corporate offices of Wal-Mart Stores, Inc.), shipped product to the individual stores, and then sent invoices using the invoices and vendor numbers of Little i and LSM.  (Complaint ¶¶ 9, 13.) Plaintiffs admit that when Walmart's corporate office discovered the scheme, it "announced" to Webb Candy that its products were not authorized.  (Id. ¶ 17.) Nevertheless, Plaintiffs continued to sell the unauthorized products to individual stores. (Id.)  Plaintiffs now claim that Walmart has failed to pay for certain orders placed under LSM's name and vendor identification number.  (Id. ¶¶ 9-21.)

In order to become an authorized vendor, LSM entered into a Supplier Agreement which governed all orders placed by Walmart.  "Order" is defined as "any written or electronic purchase order" issued by Walmart.  (Declaration of Rosalyn Mitchell ¶ 5.) The Supplier Agreement mandates exclusive jurisdiction in Arkansas for all disputes "arising thereunder or relating thereto" and all disputes relating to any "Orders."  It states:

> 24.  **FORUM SELECTION; CHOICE OF LAW; STATUTE OF LIMITATIONS**.  This Agreement, any and all Orders, and any and all disputes arising thereunder or relating thereto, whether sounding in contract or tort, shall be governed by and construed in accordance with the laws of the State of Arkansas without regard to the internal

law of Arkansas regarding conflicts of laws, and the federal and/or state courts of Benton and Washington County, Arkansas, shall have exclusive jurisdiction over any actions or suits relating thereto.  The parties mutually acknowledge and agree that they shall not raise, and hereby waive, any defenses based upon venue, inconvenience of forum or lack of personal jurisdiction in any action or suit brought in accordance with the foregoing.  Any legal action brought by Supplier against Company with respect to this Agreement or any Orders shall be filed in one of the above-referenced jurisdictions within two (2) years after the cause of action arises or it shall be deemed forever waived.  **The parties acknowledge that they have read and understand this clause and agree willingly to its terms.**

(Id. ¶ 4)  (Emphasis in original.)

## III.   PROCEDURAL HISTORY.

Plaintiffs commenced this action against Walmart alleging that Walmart failed to pay for certain Orders placed pursuant to the Supplier Agreement between Walmart and LSM.[3]  Plaintiffs' Complaint states causes of action for:  (1) breach of contract; (2) unjust enrichment/quantum meruit/estoppel; and (3) remedies under the Uniform Commercial Code.  Walmart removed the action to this Court based on diversity of citizenship.  (Notice of Removal (Docket No. 1).)

---

[3] While Plaintiffs allege in the Complaint that Plaintiff Webb Candy initially placed its orders using the vendor number and invoices of a company called Little i, Inc., it appears from the Complaint that all of the orders at issue in the Complaint were placed through Plaintiff LSM.  To the extent Plaintiffs' claims are based on orders placed through Little i, these claims are governed by a Supplier Agreement between Little i and Walmart which contains an identical forum selection clause.  (Mitchell Decl. ¶ 4.)

## ARGUMENT

I.   **PLAINTIFFS' ACTION AGAINST WALMART SHOULD BE DISMISSED BECAUSE THE SUPPLIER AGREEMENT UNDERLYING PLAINTIFFS' CLAIMS MANDATES THAT THE CLAIMS BE LITIGATED EXCLUSIVELY IN ARKANSAS.**

   A.   **Plaintiffs' Claims Against Walmart Are Subject to the Exclusive Forum Selection Clause in the Supplier Agreement between Walmart and Licensed Sports Marketing.**

Mandatory forum selection clauses are routinely enforced by both federal and state courts.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)("in the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside"); M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999)("[f]orum selection clauses are prima facie valid and are enforced unless . . .they would actually deprive the opposing party of his fair day in court"); Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 890 (Minn. 1982)("when the parties to a contract agree that actions arising from that contract will be brought in a particular forum, the agreement should be given effect unless it is shown by the party seeking to avoid the agreement that to do so would be unfair and unreasonable"); Nelms v. Morgan Portable Bldg. Corp., 808 S.W.2d 314, 316-17 (Ark. 1991)("The modern trend among courts is to respect the enforceability of contracts containing clauses limiting judicial jurisdiction, if there is nothing unfair or unreasonable about them.").[4]

---

[4] The Eighth Circuit has "yet to adopt a definitive position" on the issue of whether state or federal law applies when determining the enforceability of forum selection clauses. Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006).  In the

As set forth above, paragraph 24 of the Supplier Agreement, pursuant to which Plaintiffs placed orders with Walmart, contains a broadly-worded, mandatory forum selection clause requiring that all disputes arising under or relating to any and all Orders be litigated exclusively in the federal and/or state courts of Benton and Washington County, Arkansas.  (Mitchell ¶ 4.)  Plaintiffs' claims are subject to this forum selection clause.  This case can be litigated only in Arkansas.

1.  **Licensed Sports Marketing's Claims Arise Under or Relate to the Supplier Agreement.**

Plaintiff LSM claims it sold product to Walmart, sent invoices to Walmart under its own name, and was not paid.  (Complaint ¶¶ 13, 16, 21.)  Such claims arise under or relate to the Supplier Agreement between LSM and Walmart as well as to Orders placed by Walmart.  Consequently, LSM's claims are subject to the forum selection clause.

2.  **Webb Candy and Its Claims Closely Relate to the Supplier Agreement.**

Although Webb Candy was not a party to the Supplier Agreement, a nonparty to an agreement containing a forum selection clause is bound by the agreement when the nonparty is "closely related to the disputes arising out of the agreement."  Marano Enterprises v. Z-Teca Restaurants, 254 F.3d 753, 757 (8th Cir. 2001).  See also, Hugel v. Corporation of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993) ("In order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it

---

present case, as in Servewell, the Court need not decide this issue because both Minnesota and Arkansas -- the choice of governing law in the Supplier Agreement -- follow the federal standard announced by the Supreme Court in M/S Bremen.  See Hauenstein, 320 N.W.2d at 889-90; Servewell, 439 F.3d at 789 (holding that Arkansas follows the federal standard set out in M/S Bremen).

becomes 'foreseeable' that it will be bound"); <u>Coastal Steel Corp. v. Tilghman</u> <u>Wheelabrator-Frye, Ltd.</u>, 709 F.2d 190, 203 (3rd Cir. 1983) ("third-party beneficiary status does not permit the avoidance of contractual provisions otherwise enforceable" including a forum selection clause); <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, 858 F.2d 509, 514 n. 5 (9th Cir. 1988) ("a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses")(quoting <u>Clinton v. Janger</u>, 583 F.Supp. 284, 290 (N.D. Ill. 1984)).

Here, Webb Candy and Webb Candy's claims are closely related to the Supplier Agreement.  Webb Candy alleges non-payment of "Orders" allegedly placed by Walmart through LSM.  Webb Candy's claims fall squarely within the broad scope of the Supplier Agreement which governs the placement of all "Orders" and requires disputes relating to such Orders be litigated in Arkansas.  Moreover, by its own admission, Webb Candy was able to accomplish the sales alleged in the Complaint only because Webb Candy used LSM's vendor identification number and invoices.  Having been the beneficiary of LSM's contractual relationship with Walmart to effectuate the alleged sales to Walmart, it was foreseeable that disputes arising out of those sales would be subject to the forum clause.

**B.**      **Any Alleged Inconvenience to Plaintiffs Cannot Override The Enforceable Forum Selection Clause**

Plaintiffs cannot avoid the forum provision by arguing that it will be inconvenient for them to litigate in Arkansas.  The Eighth Circuit has held that "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause."

M.B. Restaurants, 183 F.3d at 753.  Moreover, the Supplier Agreement expressly

"waive[s] any defense based upon venue [or] inconvenience of forum . . .."  (Mitchell

Decl. ¶ 4.)

Plaintiffs cannot otherwise avoid the forum clause.  "Forum selection clauses are

prima facie valid and are enforced unless they are unjust or unreasonable or invalid for

reasons such as fraud or overreaching."  M.B. Restaurants, 183 F.3d at 752.  They are

enforced "unless they would actually deprive the opposing party of his fair day in court."

Id.  Here, Plaintiffs will have a full and fair opportunity to their day in court in Arkansas.

In sum, because Plaintiffs' claims are subject to an enforceable forum selection

clause, this Court should dismiss Plaintiffs' Complaint for improper venue under Fed. R.

Civ. P. 12(b)(3) or for failure to state a claim upon which relief can be granted under Fed.

R. Civ. P. 12(b)(6).

## II.    IN THE ALTERNATIVE, VENUE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF ARKANSAS.

"For the convenience of the parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might

have been brought."  28 U.S.C. § 1404(a).  Courts consider three general categories of

factors when deciding a motion to transfer: "(1) the convenience of the parties, (2) the

convenience of the witnesses, and (3) the interests of justice."  Terra Int'l, Inc. v.

Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).  This involves a case-by-

case evaluation of the particular circumstances and consideration of all relevant factors.

Id.  "[A] valid and applicable forum selection clause in a contract is 'a significant factor

that figures centrally in the district court's calculus.'" <u>Terra</u>, 119 F.3d at 691 (quoting

<u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).  Here, as discussed above,

Plaintiff's claims are subject to the forum selection clause and this clause is enforceable.

Consequently, transfer is warranted unless the other Section 1404(a) factors overcome the

central significance of the forum selection clause.  <u>Id</u>.  As discussed below, these factors

do not outweigh the forum selection clause and transfer would be appropriate if the case

is not dismissed.

### A.    The Convenience of the Parties.

Both Plaintiffs are residents of Minnesota and Walmart is headquartered in

Arkansas.  Plaintiffs will likely argue that it would be more convenient for them to

litigate their claims in Minnesota.  In light of the mandatory forum selection clause

governing their claims, and the agreement's express waiver of any "inconvenience"

defense, Plaintiffs' convenience argument is entitled to little or no weight.  <u>See</u> <u>United</u>

<u>Mortgage Corp. v. Plaza Mortgage Corp.</u>, 853 F. Supp. 311, 315 (D. Minn. 1994);

<u>Oldenburg v. Gulf Stream Coach, Inc.</u>, 2007 WL 1425487, *6 (D. Minn. May 11, 2007).

This factor cannot overcome the mandate in the forum selection clause that the action be

litigated in Arkansas.

### B.    The Convenience of the Witnesses.

There appears to be few, if any, non-party witnesses located in Minnesota.

Individuals with knowledge of the disputed transactions likely will be principals or

employees of LSM, Webb Candy and Walmart, including the store managers Plaintiffs

solicited.  While Plaintiffs may identify some non-party witnesses located in Minnesota

in response to this motion, "sheer numbers of witnesses will not decide which way the convenience factor tips." <u>Terra</u>, 119 F.3d at 696 (internal quotation marks omitted). Moreover, Plaintiffs cannot credibly argue that Minnesota is the center of this dispute because Plaintiffs claim that they sold Webb Candy's products to 980 individual Walmart stores throughout the country.  (Complaint ¶ 11.)  This factor does not weigh against transfer and it certainly cannot overcome the central significance of the forum selection clause.

### C.    The Interests of Justice.

A court may consider a variety of factors when analyzing the "interests of justice" including "(1) judicial economy, (2) the Plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."  <u>Terra,</u> 119 F.3d at 696.

Judicial economy weighs in favor of transfer.  As discussed above, at a minimum, LSM must litigate its claims in Arkansas pursuant to its Supplier Agreement.  Even if Webb Candy claims it is not bound by the forum selection clause, this action should be transferred to prevent litigation of the same dispute in two separate courts.

The remaining factors do not weigh against transfer, and they cannot overcome the significance of the forum selection clause.  Plaintiffs' choice of forum and the costs of litigating in each forum are not entitled to much weight given the forum selection clause specifies Arkansas as the exclusive forum for Plaintiffs' claims.  <u>See</u> <u>United Mortgage</u>, 853 F. Supp. at 315; <u>Oldenburg</u>, 2007 WL 1425487 at *6.  There are no obstacles to

enforcement of judgment or a fair trial in Arkansas.  The final two factors (conflicts of

law and the advantage of having a local court determine questions of local law) favor

transfer to Arkansas, since Plaintiffs' claims will be governed by Arkansas law pursuant

to the Supplier Agreement.

**CONCLUSION**

Based on the foregoing, Walmart respectfully requests that this Court grant its

motion to dismiss the complaint.  In the alternative, Walmart respectfully requests that

this Court transfer venue to the United States District Court for the Western District of

Arkansas.

Dated:  August 31, 2009

s/ Richard D. Snyder
Richard D. Snyder (#191292)
Sarah C.S. McLaren (#0345878)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.

4601147_3.DOC