# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

_____

Webb Candy, Inc., et al.,                                    Civil No. 09cv02056 PJS/JJK

                    Plaintiffs,

                                   **PROTECTIVE ORDER**

v.

Walmart Stores, Inc.,

                    Defendant.

_____

Upon stipulation of the parties (Doc. No. 14) for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways, **IT IS HEREBY ORDERED** THAT:

1.      As used in the Protective Order, these terms have the following meanings:

"Confidential Documents" are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical services vendors not employed by a party or its attorneys; and

"Written Assurance" means an executed document in the form of Exhibit A.

2.      A party to this lawsuit may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c).

Dockets.Justia.com

3.      All Confidential Documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any persons other than those specified in paragraph 4.  Any other use is prohibited.

4.      Access to any Confidential Document shall be limited to:

(a)      the Court and its staff;

(b)      the attorneys for the parties, their law firms, and their Outside Vendors;

(c)      persons shown on the face of the document to have authored or received it;

(d)      court reporters retained to transcribe testimony;

(e)      the parties;

(f)      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action, or as expert witnesses.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential" and subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 15 days from the date of their production, and during that period any

party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.     Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential documents and/or information shall execute a "Written Assurance" in the form of Exhibit A, a copy of which shall be retained by the attorney or party providing the Confidential Documents to that person.

7.     All depositions or portions of depositions taken in this action that contain Confidential Documents may be designated "Confidential" or and thereby obtain the protections accorded other Confidential Documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 10-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified, pursuant to the Protective Order, to have access to such information.

8.     Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the

substitute documents, shall return or destroy the improperly-designated documents.

9.      If a party files a document containing excerpts from Confidential Documents or attaching Confidential Documents with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota.  Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure.

10.     Any party may request a change in the designation of any document designated "Confidential."  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents in the action may be affected.  The party making the designation shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Stipulation.

11.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However, the attorneys for the parties shall

4

be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12.    Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.    No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

The obligations imposed by the Protective Order shall survive the termination of this action.

Dated:   October 5, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge