UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Webb Candy, Inc. and
Licensed Sports Marketing, LLC,

         Plaintiffs,

vs.

Wal-Mart Stores, Inc.,

         Defendant.

Court File No. 09-cv-2056 PJS/JJK

**DEFENDANT WAL-MART STORES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

## INTRODUCTION

Plaintiffs' primary argument is that Walmart did not file with the Court a copy of the Supplier Agreement between LSM and Walmart ("Agreement") which contains the subject forum selection clause. This is surprising since Plaintiff LSM is a party to the Agreement. Walmart did not file a copy of the Agreement previously because it is confidential and was presumed unnecessary since LSM was expected to acknowledge its existence and terms. Now that a Protective Order is in place allowing the Agreement to be filed under seal, the Agreements between Walmart and both Little i and LSM are being filed with the Court.

Plaintiffs do not dispute that the governing law upholds forum selection clauses. The forum selection clause in the Agreement requires LSM to litigate in Arkansas all claims related to "Orders" it receives from Walmart, such as the ones at issue in this case. Plaintiffs further argue that the forum selection clause in the LSM Supplier Agreement does not apply to Webb Candy because Webb Candy was not a party to the Agreement.

However, the controlling case law holds that claims related to those governed by a forum selection clause also must be litigated in the selected forum, even if it is less convenient to one party.

Plaintiffs also raise arguments apparently directed to the claimed merits of the case. Walmart will dispute those arguments at the appropriate time but for now they are premature. The only issue before the Court is a procedural one involving where this action may be litigated. Pursuant to the Agreement and the governing law, this case may not proceed in this forum and must be dismissed or alternatively transferred to the Western District of Arkansas.

## ARGUMENT

**I.     PLAINTIFF LSM MUST LITIGATE ITS CLAIMS IN ARKANSAS UNDER THE TERMS OF THE FORUM SELECTION CLAUSE IN THE SUPPLIER AGREEMENT.**

**A.     Plaintiffs' Evidentiary Objection Is Meritless.**

Plaintiffs' opposition is most notable for what it does not dispute. Plaintiffs do not dispute the existence of the forum selection clause. Plaintiffs do not argue that the forum selection clause is unenforceable. Nor do Plaintiffs dispute that the forum selection clause mandates litigation exclusively in Arkansas. Instead, Plaintiffs focus their argument on the claim that "there is no admissible evidence" of the forum selection clause. (Pls' Mem. (Docket No. 11) at 1.) This argument fails.

Walmart did not file the Agreement containing the forum selection cause with its initial motion papers due to confidentiality concerns and because it was presumed to be unnecessary since LSM is a party to the Agreement. In light of Plaintiffs' unexpected

response, Walmart sought a protective order from the Court and now submits the Agreement under seal.  (*See* Supplemental Declaration of Rosalyn Mitchell, Exhs. A and B.)  The "best evidence" objection should be overruled.

### B. LSM's Claims Are Subject to the Forum Selection Clause in the Supplier Agreement.

Plaintiffs do not refute that mandatory forum selection clauses are routinely enforced by state and federal courts.  Nor do they attempt to distinguish any of the legal authority supporting this proposition set forth in Walmart's opening brief.  In this case, the initial paragraph of the LSM's Supplier Agreement states that sales and deliveries of all "Merchandise," and all "Orders" by Walmart, are governed by the terms of the Agreement.  (Supp. Mitchell Decl., Ex. A.)  "Merchandise" is defined as "all products, goods, materials, equipment, articles, and tangible items supplied by [LSM] to [Walmart]."  (*Id*. at ¶ 1(d).)  "Order" is defined as "any written or electronic purchase order issued by [Walmart]."  (*Id*. at ¶ 1(h).)

The Agreement provides exclusive jurisdiction in Arkansas for disputes relating to the Agreement itself (i.e. disputes "arising thereunder or relating thereto") and to all disputes relating to sales and deliveries of Merchandise or any Orders.  (*Id*. at ¶ 24.)  The Agreement states that the obligation to litigate these disputes exclusively in Arkansas survives termination of the Agreement.  (*Id.* at ¶ 29.)

In its Complaint, LSM alleges that it received orders from Walmart, filled the orders by delivering merchandise to Walmart, sent invoices to Walmart under its *own* name, and was not paid in full.  (Complaint (Docket No. 1-1) ¶¶ 13, 16, 18, 21.)  Such

claims arise under or relate to the Supplier Agreement between LSM and Walmart as well as relate to sales and deliveries of "Merchandise" and to "Orders" placed by Walmart. Because "Orders" are at the heart of this case, LSM's claims are subject to the forum selection clause and therefore must be litigated in Arkansas.

### C. The Obligation to Litigate Claims Exclusively in Arkansas Does Not Expire.

Plaintiffs may argue that LSM's claims are not subject to the forum selection clause because the Agreement has an effective date of December 2005 and a one-year term. (Supp. Decl. of Mitchell, Exh. A at ¶ 27.) Such an argument ignores the plain language of the Agreement. The opening paragraph of the Agreement states that the agreement "sets forth Supplier's qualifications and the general terms of the business relationship between Company and Supplier." (Id. p. 1.) It expressly provides "[t]he parties agree that all sales and deliveries of all Merchandise. . . by Supplier to Company and all Orders . . . will be covered by and subject to the terms of this Agreement . . .." (Id.)(emphasis added). One of the specific terms of the Agreement that applies to "all" sales of Merchandise and Orders is the forum selection clause. (*Id.* at ¶ 24.) The clause which mandates exclusive jurisdiction in Arkansas expressly survives termination of the Agreement. (*Id.* at ¶ 29.)

The present dispute concerns sales of "Merchandise" and "Orders" which are governed by the terms of the parties' Agreement. LSM continued to make sales and deliveries of Merchandise to Walmart after the stated expiration date of the Supplier Agreement, and continued to fill Orders received from Walmart. The fact that the sales

and Orders occurred after the stated expiration date of the Agreement itself does not change the fact that "all" sales between the parties and "all" Orders are governed by the terms of the Agreement, that the transactions at issue in this case constitute sales and deliveries of "Merchandise" and "Orders," that disputes concerning sales of Merchandise and Orders must be litigated in Arkansas, or that the obligation to litigate in Arkansas is not affected by the expiration of the Agreement.  The forum selection clause requires LSM to litigate its disputes with Walmart in Arkansas.

## II.  PLAINTIFF WEBB CANDY MUST LITIGATE ITS RELATED CLAIMS IN ARKANSAS.

Any argument by Webb Candy that it may litigate the merits of this case in the District of Minnesota because it was not a party to any Supplier Agreement fails as a matter of law.  The law is that "a third party may be bound by a forum-selection clause where it is closely related to the dispute such that it becomes foreseeable that it will be bound."  C.H. Robinson Worldwide, Inc. v. FLS Transp., Inc., __ N.W.2d __, 2009 WL 292772, at *3 (Minn. Ct. App. Sept. 15, 2009) (internal quotation marks omitted); Medtronic, Inc. v. Endologix, Inc., 530 F. Supp. 2d 1054, 1056 (D. Minn. 2008); Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001).  See also, Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993) ("In order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound"); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 n. 5 (9th Cir. 1988) ("a range of transaction participants, parties and non-parties, should benefit from and be subject to forum

selection clauses"). Walmart cited this authority in its moving papers, but notably, Webb Candy did not refute or even mention it.

Here, the allegations of the complaint admit that Webb Candy and its claims are closely related to the Supplier Agreement. Webb Candy alleges non-payment of "Orders" allegedly placed by Walmart through LSM -- claims that fall squarely within the broad scope of the forum selection clause in the Supplier Agreement.[1] (Complaint ¶¶ 13, 16, 18, 21.) Webb Candy admits -- both in the Complaint and in its response to the present motion -- that it was able to accomplish the alleged sales only because it used LSM's vendor identification number. (Complaint at ¶¶ 8, 13; Pls' Mem. (Docket No. 11) at 4.) Having admitted that it obtained a relationship with Walmart through LSM, it was or should have been foreseeable to Webb Candy that disputes arising out of sales it made using LSM's vendor identification number would be subject to the terms of LSM's Agreement with Walmart, including the forum selection clause.

Because Plaintiffs' claims are subject to an enforceable forum selection clause, this Court should dismiss Plaintiffs' Complaint.

---

[1] Plaintiffs allege in the Complaint that Plaintiff Webb Candy initially placed its orders using the vendor number and invoices of a company called Little i, Inc. The Supplier Agreement between Little i and Walmart contains an identical forum selection clause. (Supp. Mitchell Decl., Ex. B at ¶ 24.)

### III. IF THE CASE IS NOT DISMISSED, THE CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF ARKANSAS.

#### A. The Forum Selection Clause Determines the Issue Even Though It Was Not Pleaded in the Complaint.

In addition to the meritless argument that there is no "admissible evidence" of any forum selection clause, Plaintiffs argue that the forum selection clause cannot be considered because Plaintiffs did not plead the Agreement and forum selection clause in their complaint. That argument is wrong. Matters outside of the allegations in the complaint can and should be considered by the Court in resolving a motion to transfer venue. See, e.g., I-T-E Circuit Breaker Co. v. Regan, 348 F.2d 403, 404 (8th Cir. 1965) (considering affidavits on review of district court's order of transfer); Graff v. Qwest Communications Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (considering facts in affidavits when deciding transfer motion); Surco Prods. v. Theochem Labs., 528 F. Supp. 677, 679 (S.D. Fla. 1981) (noting that "[m]ere allegations, unsupported by affidavits or other proof thereof, cannot be accorded much weight" when deciding motion to transfer). If this were not the rule, all that a forum-shopping plaintiff would need to do to circumvent a forum selection clause is conveniently omit any reference of it in the complaint. Moreover, here, Plaintiffs themselves ask the court to consider matters outside of the complaint. They submitted a declaration containing facts not alleged in the Complaint in support of their argument that the case should not be transferred.

### B. The Factors Applicable to the Section 1404(a) Analysis, Including the Forum Selection Clause, Support Transferring the Case.

Plaintiffs argue that the court should defer to their choice of forum even though a contractual forum selection clause exists that designates a different forum. However, they cite no authority for this proposition. The only case Plaintiffs cite in their entire brief, Terra Int'l v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997) does not provide support. Rather, the Terra court affirmed the district court's transfer of a case to a forum mandated in a forum selection clause. Although a plaintiff's choice of forum is given some deference in a §1404(a) motion to transfer *when no forum selection clause exists*, as the Court explained in Terra, the existence of a forum selection clause is a "significant factor that figures centrally in the district court's calculus in a motion to transfer." Id. at 697 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Here, the forum clause is central to the consideration of Walmart's section 1404(a) motion. Deferring to Plaintiffs' chosen forum would allow them to negate the forum selection clause simply by violating it. This case should be transferred to the forum specified in the Agreement, as the Court did in Terra.

#### 1. The Convenience of the Parties.

As expected, Plaintiffs argue that it would be more convenient for them to litigate their claims in Minnesota. In light of the mandatory forum selection clause governing their claims, and the Agreement's express waiver of any "inconvenience" defense, Plaintiffs' convenience argument is entitled to little or no weight. See United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994); Oldenburg v.

Gulf Stream Coach, Inc., 2007 WL 1425487, *6 (D. Minn. May 11, 2007). This factor cannot overcome the mandate in the forum selection clause that the action be litigated in Arkansas.

### 2. The Convenience of the Witnesses.

The convenience to the witnesses is "[o]ften cited as the most important factor in passing on a motion to transfer under section 1404(a)." 15 Wright, Miller, Cooper, Federal Practice and Procedure §3851. However, what is most important is the residence of *nonparty* witnesses, and whether they are within the subpoena power of the court. Id. The convenience to witnesses who are employees of a party is much less significant "because that party can obtain their presence at trial." Id. See e.g. LeMond Cycling, Inc. v. Trek Bicycle Corp., 2008 WL 2247084 (D.Minn. 2008)("the focus is on the inconvenience caused to nonparty witnesses, because it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum") (internal quotes and citations omitted).

Here, Plaintiffs argue that transferring the case to Arkansas would be inconvenient to seven of their employees. (Webb Aff. ¶ 2.) Plaintiffs fail to identify even one non-employee witness located in Minnesota. However, even if the location of employees of the parties were somehow relevant, "[the] sheer number of witnesses will not decide which way the convenience factor tips." Terra, 119 F.3d at 696 (internal quotation marks omitted). Plaintiffs also claim that they sold products to 980 individual Walmart stores throughout the country. This factor does not weigh against transfer, and it certainly cannot overcome the central significance of the forum selection clause.

### 3. The Interests of Justice.

As discussed in Walmart's opening brief, this factor does not weigh against transfer, and cannot overcome the significance of the forum selection clause. While Plaintiffs argue that it will be more costly for them to litigate in Arkansas, this argument is not entitled to much weight given the forum selection clause specifies Arkansas as the exclusive forum for Plaintiffs' claims. See United Mortgage Corp., 853 F. Supp. at 315; Oldenburg, 2007 WL 1425487, at *6.

### CONCLUSION

Forum selection clauses are routinely enforced, and there is nothing about this case that justifies a contrary result. Walmart respectfully requests the Court grant its motion to dismiss the complaint. In the alternative, Walmart respectfully requests the Court transfer venue to the United States District Court for the Western District of Arkansas.

Dated: October 5, 2009

 s/ Richard D. Snyder
Richard D. Snyder (#191292)
Sarah C.S. McLaren (#0345878)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.

4629274_1.DOC