| | |
|---|---|
| **Webb Candy, Inc. and**<br>**Licensed Sports Marketing, LLC,**<br><br>　　　　　　**Plaintiffs,**<br><br>v.<br><br>**Walmart Stores, Inc.,**<br><br>　　　　　　**Defendant.** | Case No.:  09-CV-02056-PJS-JJK<br><br><br><br>RULE 26(f) REPORT |

　　　　The parties/counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f), on October 28, 2009 and prepared the following report.

　　　　The pretrial conference in this matter is scheduled for November 4, 2009 at 9:30 a.m. before the United States Magistrate Judge Jeffrey J. Keyes by telephone.

## DESCRIPTION OF CASE

　　　　1.　　　　Concise Factual Summary of Plaintiff's Claims;

Plaintiffs Webb Candy, Inc. and Licensed Sports Marketing, LLC sold product including individualized lip balm to Defendant Walmart Stores, Inc.  The sales were made to the individual stores through a procedure Walmart utilizes allowing the individual store managers to place orders directly with the supplier.  In this case, Webb Candy and Licensed Sports Marketing received orders from the individual store managers and shipped the ordered product.  Walmart has paid for some of the product, but still owes Plaintiffs over $650,000 for product Walmart received.  In addition, Walmart has attempted to return some product after acceptance, and Plaintiffs have not authorized the return.  Walmart nevertheless took credit for those unauthorized returns, resulting in additional damages to Plaintiffs.

　　　　2.　　　　Concise Factual Summary of Defendant's claims/defenses;

Defendant has moved to dismiss or transfer the case.  If after the resolution of the motion the action remains in this District, Defendant will file an Answer.  Defendant

1

contends that Plaintiffs' claims were governed by the terms and conditions in the parties' supplier agreement. Defendant contends that Plaintiffs breached the agreement by engaging in unauthorized sales of products, violated contractual and implied representations and warranties about the title to the goods sold, and have exposed Defendant to claims for trademark infringement. Defendant also contends that it rejected acceptance of the goods.

3. Statement of Jurisdiction (including statutory citations);

This court has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4. Summary of Factual Stipulations or Agreements;

None at this time.

5. Statement of whether jury trial has been timely demanded by any party;

Plaintiffs filed notice on October 28, 2009; there is no agreement by Defendant on timeliness of the demand.

6. Statement of whether all process has been served;

All services of process have been completed.

7. List all insurance carriers/Indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Not applicable.

**DISCOVERY SCHEDULE/DEADLINES**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before January 15, 2010.

2. Fact discovery shall be commenced in time to be completed on or before July 1, 2010.

**DISCOVERY LIMITATIONS**

1. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side. No more than 50 document requests and

2

no more than 50 requests for admissions shall be served by each side.

2. No more than 7 depositions, excluding expert witness depositions, shall be taken by either side.

3. No more than ____ Rule 35 Medical Examinations shall be taken by Defendant and completed by _____ (***not applicable***).

## **EXPERTS**

The parties anticipate that they will require expert witnesses at time of trial.

1. Each side may call up to two expert witnesses. Accordingly, each party may take one deposition per expert.

2. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    a. Identities by Plaintiff on or before June 1, 2010
       Reports by Plaintiff on or before July 1, 2010

    b. Identities by Defendant on or before August 1, 2010
       Reports by Defendant on or before September 1, 2010

    c. If Plaintiffs do not initially designate an expert, but Defendant does, Plaintiffs' rebuttal expert will be identified on or before October 1, 2010
       Disclosure of rebuttal report on or before October 15, 2010

3. Expert discovery, including depositions, shall be completed by: November 15, 2010

## **NON-DISPOSITIVE MOTION DEADLINES**

1. All motions which seek to add parties must be filed and served on or before January 15, 2010 by all parties; and motions which seek to amend the pleadings must be filed and served on or before June 1, 2010.

2. Except as indicated in paragraph 3, non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be filed and served on or before July 15, 2010.

3

3. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before November 30, 2010.

**DISPOSITIVE MOTION DEADLINES**

All dispositive motions shall be filed and served (and heard or scheduled, depending on District Judge Assigned), on or before November 30, 2010.

**SETTLEMENT**

1. The parties will discuss settlement before November 3, 2009, the date of the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

2. The parties believe that an early settlement conference is appropriate, and it should be scheduled before the following date: March 1, 2010.

**TRIAL**

1. Trial by Magistrate Judge:

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

2. This case shall be ready for trial on February 1, 2011. The anticipated length of jury trial is three days.


Date: October 29, 2009.    **WATJE & MOORE, LTD.**


/s/ Steven Moore
GALEN E. WATJE (#114790)
STEVEN MOORE (#252463)
7900 Xerxes Avenue South, Suite 2000
Minneapolis, Minnesota 55431
Telephone:   (952) 646-9991
Facsimile:    (952) 646-9993
*Attorneys for Plaintiffs*

**FREDRIKSON & BYRON, P.A.**

  /s/ Richard D. Snyder  
Richard D. Snyder (#191292)  
Sarah C.S. McLaren (#0345878)  
200 South Sixth Street, Suite 4000  
Minneapolis, MN 55402-1425  
Telephone: (612) 492-7000  
Facsimile: (612) 492-7077  
rsnyder@fredlaw.com  
smclaren@fredlaw.com  
*Attorneys for Defendant*