UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Webb Candy, Inc. and
Licensed Sports Marketing, LLC,              Case No.:  09-CV-02056-PJS-
                                             JJK
        Plaintiffs,

v.                                           PLAINTIFFS'
                                             MEMORANDUM IN
Walmart Stores, Inc.,                        RESPONSE TO WALMART'S
                                             SUPPLEMENTAL BRIEF IN
        Defendant.                   SUPPORT OF ITS MOTION
                                             TO DISMISS OR, IN THE
                                             ALTERNATIVE, TO
                                             TRANSFER VENUE

_____

        Walmart Stores, Inc.'s ("Walmart") supplemental brief seeks to establish that the parties waived the clear expiration of the Supplier Agreement by their course of performance, thus continuing the term of the Agreement.  The document itself and the pleadings do not support Walmart's argument, and its motion to dismiss or, in the alternative, to transfer venue must be denied.

        The Supplier Agreement, including the Term of Agreement clause, is replete with anti-waiver provisions.  (See Supplemental Declaration of Rosalyn Mitchell (Docket No. 17), Exh. A, hereinafter the "Agreement").  Paragraph 23 of that Agreement is the explicit anti-waiver paragraph which states in relevant part:

> Company's failure to enforce at any time any provision of this Agreement <u>will not be construed as a waiver</u> of such provision or of any rights thereunder to enforce such provision.  <u>Any waiver by Company of any of

1

<u>the terms and conditions of this Agreement or any Order must be in writing signed by an authorized representative of Company</u>.

(Emphasis added).

The Term of Agreement paragraph (¶ 27) further states that

This Agreement ends one year after the Effective Date.  <u>This Agreement may only be renewed or extended by an agreement signed by an authorized officer of Company and Supplier</u>.  Supplier and Company are under no obligation to extend the term of this Agreement or to renew this Agreement.  Neither Supplier nor Company should take any actions in reliance upon this Agreement being extended or renewed.  Neither party shall be responsible for any costs incurred by the other in anticipation of the extension or renewal of this Agreement.

(Emphasis added).

Anti-waiver provisions are also contained in paragraph 12 ("Acceptance of any Merchandise shipped after the specific shipment date shall not be construed as a waiver of any of Company's rights or remedies resulting from the late shipment"), and paragraph 13 ("Nothing contained in this Agreement or an Order shall be deemed a waiver of any representations, warranties or guarantees implied by law.")

And finally, in paragraph 29 entitled "Survival of Provisions," Walmart leaves no doubt that there can be any waiver or modification of the terms of the Supplier Agreement:

We (Company) <u>will never assume that you (Supplier) will be willing to extend or renew this Agreement</u> or to accept any specific volume of Order. Conversely, <u>we urge you never to assume that this Agreement will be renewed or extended by us</u> or that we will issue Orders for specific volume of Merchandise, <u>even if your impression is based on discussions you may have had with Company representatives</u>.  <u>No Company representative has authority to renew or extend this Agreement except in a writing signed by an authorized officer of Company</u>, and no Company representative has

authority to order Merchandise except an Authorized Buyer through an Order issued pursuant to and subject to the terms of this Agreement.

(Emphasis added). This paragraph acts as an estoppel preventing Walmart from asserting that the parties and this Court should assume what Walmart specifically instructed should never be assumed.

Walmart now seeks to avoid the very provisions that it drafted that preclude the Supplier Agreement from being extended past its expiration date except under very limited circumstances. It is estopped from doing so by its own language in the Agreement. There is also no evidence of a waiver, and the dealings between the parties in 2008 and 2009 were very different from the course of performance during the term of the Agreement.

## Argument

**I.     Express Terms of the Contract Govern.**

Under the Uniform Commercial Code, "the express terms of an agreement and any applicable course of performance, course of dealing, or usage of trade must be construed whenever reasonable as consistent with each other. If such a construction is unreasonable: (1) <u>express terms prevail over course of performance</u>, course of dealing, and usage of trade . . ." (Ark. Code Ann. § 4-1-303(e); Minn. Stat. § 336.1-303(e)(1)) (emphasis added).

Here the express terms of the contract are clear – the Agreement can "only be renewed or extended by an agreement signed by an authorized officer of Company and Supplier." (<u>See</u> Supplier Agreement ¶27). There is no signed agreement renewing or

3

extending the Agreement. The express terms of the Agreement cannot be construed as consistent with Walmart's current position that course of performance renewed or extended the Agreement. The express terms of the Agreement and Walmart's argued course of performance are directly at odds with each other. Therefore, under Ark. Code Ann. § 4-1-303(e) and Minn. Stat. § 336.1-303(e), the express terms of the contract prevail over any course of performance suggested by Walmart.

Walmart attempts to evade this conclusion by invoking the exception to § 4-1-303(e) and Minn. Stat. § 336.1-303(e) regarding waiver. Walmart relies on Ark. Code Ann. § 4-2-209(4) and Minn. Stat. § 336.2-209(4), which state:

> Although an attempt at modification or rescission does not satisfy the requirements of subsection (2) or (3) <u>it can operate</u> as a waiver.

(Emphasis added.)

Subsection 2 of § 4-2-209 and § 336.2-209 state:

> <u>A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded</u>, but except as between merchants such a requirement on a form supplied by the merchant must be separately signed by the other party.

(Emphasis added).

Here, there is no attempt at a modification or rescission that could operate as a waiver. Walmart argues that the parties continued to perform as they had under the Agreement and therefore extended the Agreement by such performance. This is not the case. The Agreement between the parties had expired by its terms on December 21, <u>2006</u>. The Complaint states that in the fall of <u>2008</u>, Plaintiffs began selling the product at issue directly to the individual Walmart stores. (<u>See</u> Complaint at ¶ 7). Such conduct

4

occurred nearly two years after the Agreement terminated, and involved a completely different approach to selling product to Walmart – that is selling product directly to the individual stores as opposed to through the corporate buying office. (See Complaint, ¶¶ 10 and 11). (The Supplier Agreement does not address sales to the individual stores).

Additionally, waiver is a fact issue that must be proved by showing the parties' intent to waive a known right. Farnum v. Peterson-Biddick Co., 234 N.W. 646, 648 (Minn. 1931). Here, Walmart simply states that because the parties did business at some future date after the expiration of the Agreement, that they must have waived all of the provisions in the Agreement that expressly state cannot be waived. Walmart seeks an inference of waiver based on sales that are alleged to have occurred two years after the Agreement expired, despite strongly worded anti-waiver provisions in the Agreement that it drafted, including a provision that instructs a supplier to "never assume that this Agreement will be renewed or extended by" Walmart. (Agreement, ¶ 29). In order to find waiver, there must be a manifest intent to waive a non-waivable provision of an agreement. Minneapolis Community Development Agency v. Powell, 352 N.W. 2d 532, 534 (Minn. App. 1984). Walmart has shown no such intent by either party and none exists.

Moreover, as Walmart states in its memorandum, waiver is a voluntary relinquishment of a known right. The Agreement at issue in this case expired by its terms on December 21, 2006. There are no known rights under it once it expired, and the Agreement makes that clear by instructing the supplier to never assume the rights will be renewed or extended and that the supplier should take no action in reliance on the

5

Agreement being renewed or extended. The orders at issue in this case occurred in late 2008 and early 2009 – well after the expiration of the Agreement. When the Agreement expired on December 21, 2006, the rights under that Agreement expired. A party cannot, two years later, waive a right that no longer exists.

Furthermore, an attempted modification is effective as a waiver pursuant to § 2-209(4) only if there is reliance. <u>Wisconsin Knife Works v. National Metal Crafters</u>, 781 F. 2d 1280, 1287 (7th Cir. 1986). In that case, the court reconciled § 2-209(2) and §2-209(4) by stating that only if there is reliance can the attempted modification be effective as a waiver. <u>Id</u>. Here, the Agreement specifically states that neither party "should take any actions <u>in reliance</u> upon this Agreement being extended or renewed." (Agreement at ¶ 27; emphasis added). There is no evidence of any reliance sufficient to support a modification to the Agreement based on course of performance that is in direct conflict with the explicit terms of the Agreement. As stated, the orders placed and product shipped occurred nearly two years after the Agreement expired. There was no reliance on the Term of Agreement provision being waived when the orders at issue here were solicited from the individual stores, and the Agreement specifically disavowed any such reliance.

There is no evidence of any waiver on the part of the parties. The express terms of the agreement dictate that the Agreement had long since expired prior to the parties' business dealings that are at issue here, and the venue clause in that Agreement is inapplicable.

## II. **The Parties Did Not Perform as Before.**

Walmart's second argument to enforce the venue provision of the expired contract rests entirely on the bare assumption that the parties continued to perform as they had before the Supplier Agreement had expired, thereby manifesting their intent to continue the Supplier Agreement. An agreement may be inferred to continue after its expiration date by virtue of the parties' conduct in continuing the business relationship without material change. See Cherne Construction Corp. v. Marathon Petroleum Co., 578 F. 3d 735, 741 (8th Cir. 2009). As stated before, the Supplier Agreement expressly prohibits such an inference. Moreover, the parties did not continue to perform as before. First, there was no continuance. The orders at issue in this case occurred two years after the Agreement expired; not two days later or two weeks later, or even two months later, but two years later. That is not a mere continuation of the business relationship. Second, everything about the relationship changed. Webb Candy become involved in late 2008, where it was not involved during the term of the Agreement. Orders were placed with the individual stores during 2008 and 2009, where during the term of the Agreement there was no such practice. This was a completely new relationship and way of doing business between the parties, and the Supplier Agreement had long expired before the parties engaged in their new business activities in November 2008.

Walmart seeks an inference that the parties adopted the terms of an expired Agreement based on an entirely new relationship and a new and unique way of doing business together. The law does not support such an inference, and Walmart's motion must be denied.

## Conclusion

Based on the foregoing, Plaintiffs ask that Defendant's motion be in all respects denied.

Respectfully submitted,

**WATJE & MOORE, LTD**

Dated: November 6, 2009.　　　　　　　　　/s/ Steven Moore
GALEN E. WATJE (#114790)
STEVEN MOORE (#252463)
7900 Xerxes Avenue South, Suite 2000
Bloomington, Minnesota 55431
Telephone:　(952) 646-9991
Facsimile:　(952) 646-9993
***Attorneys for Plaintiffs***